The Chief Justice delivered the opinion of the court.
The plaintiff in certiorari brought an action in the court for the trial of small causes, against the defendants as administrators of' Uriah Goodsall, upon a devastavit. On the trial he produced the judgment of a justice of the peace, and an execution issued thereon, with the return, nulla bona, of a constable, and upon this evidence judgment was rendered in his favor. The defendants appealed, and upon the hearing of the appeal the Court of Common Pleas overruled the judgment and execution, and there being no other proof in *472 support of the plaintiff’s demand, rendered judgment of non-suit against him. This judgment is brought here by the writ of certiorari before us, and the rejection of the evidence is assigned as the cause of reversal.
• To support an action founded on a devastavit where a judgment and execution are available for that purpose, it is indispensably necessary for the plaintiff to produce a judgment and execution against the executor or administrator, as such, a judgment to be levied, in the first instance, of the goods and chattels of the decedent. Wo other judgment can supply its absence. This point is fully established by every precedent of declarations in actions of this nature, which our books of entries and our records furnish; all which invariably recite such a judgment. And the reason of it appears from this consideration, that the essence or ground work of the action is that the executor or administrators had assets which might and ought to have been applied to the satisfaction of the judgment, but which have been misapplied and wasted. Wow unless the judgment was to be levied of the assets of the decedent it would be absurd to allege that the executor or administrator had such' assets in his hands, and that he had misappropriated them. *381] *For unless the judgment legally required such assets to satisfy it, what injury could the wasting of them produce to the plaintiff? What right to complain would such waste give him? It clearly results then that a' general judgment against the administrators, in other words a judgment against them in their individual, and not in their representative capacity, could not be competent and legal evidence to support the action for a devastavit. Yet such was the nature of the judgment which was offered in the Court of Common Pleas, precisely such a judgment as has in a multitude of cases been reversed in this court, because against the administrator generally, and not to be levied of the goods and chattels of the deceased.
The Court of Common Pleas, in our opinion, lawfully rejected the transcript of the judgment.
*473 It is not necessary to enquire whether the execution was competent, because if it had been received, the plaintiff could not without the judgment have maintained his action. Nolis it necessary to decide the question discussed at the bar, whether a proper judgment, and a return on execution, of nulla bona, are sufficient in a justice’s court to establish the charge of devastavit. For assuming the affirmative, which is all the plaintiff can require, he was not, on the evidence he offered, legally entitled to prevail.
Let the judgment be affirmed.